IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARTER ROY LONGTREE,<br><br>Defendant. | CR-10-51-GF-DLC-RKS-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Longtree was accused of violating his conditions of supervised release by using methamphetamine. He admitted the violation. He should be ordered into custody for three months, with 57 months supervised release to follow. He should be ordered to serve the first six months of supervised release in a pre-release center.

## II. Status

Mr. Longtree pleaded guilty in 2010 to Arson. CD 23. He was sentenced to

30 months of incarceration, with five years supervised release to follow. CD 27.

Mr. Longtree began his term of supervision on August 10, 2012. CD 32.

**Petition**

The United States Probation Office filed a petition on September 20, 2012,

asking the court to revoke Mr. Longtree's supervised release.[1] The petition alleged

that Mr. Longtree violated Standard Condition #7 of his release by using

methamphetamine in September 2012. According to the petition, Mr. Longtree's

probation officer noticed needle marks in Mr. Longtree's arm, and Mr. Longtree

acknowledged that he had recently used methamphetamine. CD 32. Based on the

petition, a warrant was issued for Mr. Longtree's arrest. CD 33.

**Initial appearance**

Mr. Longtree was arrested on August 19, 2013. He made an initial

appearance before the undersigned on August 20. CD 35. Mr. Longtree was

accompanied by Federal Defender R. Henry Branom, who was appointed as

counsel. The United States was represented by Assistant United States Attorney

Ryan Weldon.

The undersigned discussed the Findings and Recommendations procedure,

---

[1]Neither party offered an explanation for the 11-month delay between the petition and arrest.

explaining that a revocation hearing would be conducted, and based on that hearing the undersigned would submit a recommendation to United States District Judge Dana L. Christensen. Mr. Longtree was advised that Judge Christensen will review the recommendation, then decide whether to revoke Mr. Longtree's supervised release and what, if any, sanction to impose. Mr. Longtree was instructed that he has a right to object to the recommendation, but must do so in writing within 14 days of its issuance.

Mr. Longtree said he had read the petition and understood the allegation. Mr. Weldon warned that Mr. Longtree could be committed to the Bureau of Prisons for up to 36 months if he is found to have violated his supervised release conditions. Mr. Branom agreed. Mr. Longtree waived his right to a preliminary examination. Mr. Branom asked to proceed immediately to the revocation hearing. The hearing commenced.

**Revocation hearing**

Mr. Longtree appeared at the hearing with Mr. Branom. Mr. Weldon represented the United States.

Mr. Longtree admitted to violating his supervised release conditions, as alleged in the petition. His admission is sufficient to establish a violation. The undersigned believes the violation warrants revocation, and asked the parties to

discuss an appropriate sanction.

Mr. Longtree's violation is grade C. His criminal history category is I. The underlying offense is a Class B felony. He could be incarcerated for up to 36 months. The United States Sentencing Guidelines recommend three to nine months incarceration. The District Court may impose up to 60 months supervised release, less any custodial time imposed. The parties agreed with those calculations.

Mr. Branom requested a sanction consisting of the custodial time Mr. Longtree already served (a few days), and continued supervised release with an added condition that he reside in a pre-release center for some period. Mr. Branom argued that the violation was relatively minor, and Mr. Longtree candidly confessed it to his probation officer.

Mr. Longtree addressed the court. He said he previously did well in a pre-release center. He explained that on his release he returned to his home town, which turned out to be a "big mistake," as he struggled in that environment. He said he does not intend to live there in the future. Mr. Longtree said he believes supervised release is beneficial to him, and he assured the court he would cooperate with his probation officer.

Mr. Weldon requested a sanction of nine months incarceration, with 51

months of supervised release to follow.  Mr. Weldon said Mr. Longtree had

absconded from supervised release around the time a warrant was issued for his

arrest, and had been effectively unsupervised for the last 11 months.  Mr. Weldon

said that if Mr. Longtree wanted to live in Great Falls instead of returning to the

reservation, the United States would work with him to make that possible.

### III. Analysis

Mr. Longtree's supervised release should be revoked.  He admitted to using

methamphetamine, which is a significant violation.

Mr. Longtree should be incarcerated for three months.  A custodial period at

the low end of the guideline range is appropriate here because the violation was a

first offense and does not appear to have endangered anyone other than Mr.

Longtree.  The government's argument that a longer custodial term is warranted

because Mr. Longtree absconded carries little weight, since the government

presented no evidence of efforts to find and arrest Mr. Longtree.

Mr. Longtree should be ordered to serve an additional 57 months on

supervised release.  A condition should be added that requires Mr. Longtree to

reside in a pre-release center for six months immediately after his custodial term.

Mr. Longtree struggles with substance abuse, but appears sincere in his desire to

improve his life and comply with the law in the future.  A long period of

supervision, beginning with time in a pre-release center, will provide him structure and support. The undersigned believes those measures would give Mr. Longtree a better chance to succeed.

## IV. Conclusion

Mr. Longtree was advised that the above sentence would be recommended to Judge Christensen, who will decide an appropriate disposition. Mr. Longtree was reminded that he has a right to object to this recommendation within 14 days of its issuance.

The Court FINDS:

1. Mr. Longtree violated Standard Condition #7 of his supervised release by consuming methamphetamine in September 2012.

2. Mr. Longtree needs structure and supervision to address his chemical dependency.

The Court RECOMMENDS:

1. The District Court should enter the attached Judgment, revoking Mr. Longtree's supervised release and committing him to the United States Bureau of Prisons for 3 months, with 57 months supervised release to follow. Mr. Longtree should be required to reside in a pre-release center for the first six months of his term of supervised release.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the opportunity to appear and allocute before a district judge.

Dated the 26th day of August, 2013.

Keith Strong
United States Magistrate Judge