IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-10-51-GF-BMM-RKS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |
| vs. | |
| CARTER ROY LONGTREE, | |
| Defendant. | |

## I. Synopsis

Mr. Longtree was accused of violating his conditions of supervised release by failing to complete a period of residence in a Residential Re-entry Center. He admitted to the violation. Mr. Longtree's supervised release should be revoked. He should be placed in custody for nine months, with 48 months supervised release to follow.

## II. Status

Mr. Longtree plead guilty in 2010 to Arson. Doc. 23. He was sentenced to 30 months incarceration, with five years supervised release to follow. Docs. 27.

1

He began his supervised release period in August 2012, but his release was revoked in September 2013 because he violated the conditions by using methamphetamine. Doc. 41. Mr. Longtree's current period of supervised release commenced in November 2013, when Mr. Longtree began a six-month residential period in the Great Falls Transition Center that was required by the conditions of his release. Docs. 41,43.

**Petition**

The United States Probation Office filed a petition on May 7, 2014, asking the court to revoke Mr. Longtree's supervised release. The petition accused Mr. Longtree of violating Special Condition 1 of his supervised release by failing to complete Residential Re-entry Center program. The petition alleged that Mr. Longtree violated several Great Falls Transition Center rules and ultimately absconded from the facility, rendering him ineligible for residence at the facility. Doc. 43. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Longtree's arrest. Doc. 44.

**Initial appearance**

Mr. Longtreee appeared before the undersigned on June 4, 2014, in Great Falls, Montana. Mr. Longtree was accompanied at the initial appearance by Federal Defender R. Henry Branom, who was appointed to represent Mr. Longtree.

Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Longtree said he had read the petition. Mr. Weldon warned that Mr. Longtree could be incarcerated for up to three years if his supervised release is revoked. Mr. Branom said Mr. Longtree would waive the preliminary hearing and was prepared to proceed with the revocation hearing before the undersigned. Mr. Weldon was also ready to proceed with the hearing. Both parties consented to proceeding before a magistrate judge.

**Revocation hearing**

Mr. Longtree appeared at the revocation hearing with Mr. Branom. Mr. Weldon appeared for the United States.

Mr. Longtree admitted that he violated his supervised release conditions by failing to complete the Residential Re-entry Center requirement. Mr. Branom noted that the admission did not extend to other alleged conduct detailed in the narrative portion of the petition. The undersigned found the admission sufficient to establish a violations of Special Condition 1. The violation warrants revocation of Mr. Longtree's supervised release.

Mr. Longtree's violation is Grade C, his criminal history category is I, and his underlying offense is a Class B felony. He could be incarcerated for up to three years. He could be ordered to remain on supervised release for up to 57 months,

less any custodial time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.  Mr. Weldon and Mr. Branom agreed with those calculations.

Mr. Branom requested a sanction of four months incarceration followed by 53 months supervised release.  Mr. Branom noted that Mr. Longtree came within days of completing the six-month residential period in the re-entry center.  Mr. Branom also observed that Mr. Longtree is likely to remain on supervised release for a substantial time after any custodial sanction, and the sooner he begins supervised release the sooner he can begin learning to live in the community.  Mr. Branom said that Mr. Longtreee's troubles at the Great Falls Transition Center may have been exacerbated by lack of access to medication.

Mr. Longtree addressed the court.  He said he had done well during the first five months of his supervised release.  But as the pre-release period drew to an end, the pressure to succeed stressed and eventually overwhelmed him.  Mr. Longtree said he has saved money for an apartment, and his goal is to find a home and a job so he can provide for his family.

Mr. Weldon urged a sanction of nine months incarceration, with 48 months supervised release to follow.  Mr. Weldon said that the pre-release aspect of supervised release was intended to help Mr. Longtree develop job and life skills.

4

Mr. Longtree's failure to comply with that condition is a serious breach of the court's trust, Mr. Weldon argued.

### III.  Analysis

Mr. Longtree's supervised release should be revoked because he admitted violating its conditions.  He should be incarcerated for nine months, with 48 months supervised release to follow.

A custodial sanction at the top of the guideline range is warranted because Mr. Longtree has previously had his supervised release revoked, and his violation in this instance consisted of deliberate defiance.  Mr. Longtree's numerous rule violations at the Great Falls Transition Center cast doubt on his willingness to comply with other conditions of supervised release in the future.  A significant custodial period is necessary to impress the seriousness of those conditions on Mr. Longtree.

The maximum period of supervised release should be imposed, as Mr. Longtree appears to need long-term structure and support.  The same conditions previously imposed should be continued, with the exception of Special Condition 1, which required residence in a Residential Re-entry Center, because Mr. Longtree is unlikely to be accepted to such a facility.

### IV.  Conclusion

Mr. Longtree was advised that the above sentence would be recommended to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Longtree's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Longtrees supervised release and what, if any, sanction to impose.

The court **FINDS:**

1. Carter Longtree violated Special Condition 1 of his supervised release by failing to reside in a Residential Re-entry Center for six months.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Longtree's supervised release and committing Mr. Longtree to the custody of the United States Bureau of Prisons for nine months, with 48 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 9th day of June, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge