**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-51-GF-BMM |
| Plaintiff, | **ORDER** |
| vs. | |
| CARTER ROY LONGTREE, | |
| Defendant. | |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered his Findings and Recommendations on June 9, 2014. Defendant admitted he had violated Special Condition 1 of his supervised release by failing to complete a period of residence at the Great Falls Transition Center. Judge Strong found the admission sufficient to establish the alleged supervised release violation. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 9 months, with 48 months of supervised release to follow.

Defendant filed a timely objection. (Doc. 51). The Court reviews *de novo* findings and recommendations to which a defendant objects. 28 U.S.C.

§ 636(b)(1). Findings and recommendations to which no objection is made are reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.,* 656 F.2d 1309, 1319 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Strong's Findings and Recommendations in substantial part.

In 2010, Defendant pleaded guilty to arson. (Doc. 23). He was sentenced to 30 months in custody, followed by five years of supervised release. (Doc. 27). He began his term of supervised release in August 2012. In September 2013, his supervised release was revoked for using methamphetamine. (Doc. 41). He was sentenced to 3 months in custody, followed by 57 months of supervised release. *Id.* His term of supervised release began on November 13, 2013, with a six-month residential period at the Great Falls Transition Center (Transition Center). (Doc. 43). On May 4, 2014, Defendant walked away from the Transition Center. (Doc. 43 at 2).

On May 7, 2014, the United States Probation Office filed a petition requesting that Defendant's supervised release be revoked. The petition alleged that Defendant violated a number of Transition Center rules and ultimately absconded from the facility, rendering him ineligible to reside

there. (Doc. 43 at 2-3).

Defendant made an initial appearance before Judge Strong on June 4, 2014. He waived his right to a preliminary hearing and requested that Judge Strong conduct the revocation hearing. A hearing was conducted by Judge Strong. Defendant admitted that he had walked away from the Transition Center without permission, and that reasonable grounds existed to declare him ineligible to return. Judge Strong recommended a term of imprisonment of 9 months, with 48 months of supervised release to follow.

Defendant objects to the recommended term of custody of 9 months. (Doc. 51 at 2). He claims it is excessive because he came within days of completing his residential period at the Transition Center. (Doc. 51 at 3). He requests a sentence of 4 months in custody followed by 53 months of supervised release.

Defendant could be incarcerated for up to 3 years, followed by 57 months of supervised release, less any custodial time imposed. The United States sentencing guidelines call for a term of imprisonment of 3 to 9 months. The Court finds that a term of imprisonment of 6 months followed by 51 months of supervised release to be a sufficient sentence. A period of custody

is warranted because this is the second time Defendant violated the terms of his supervised release, and the current violation constituted a serious breach of trust. A lengthy period of supervision is appropriate because it will help Defendant find employment and develop life skills, and it will provide Defendant the support and structure needed to address any alcohol or drug abuse problem.

IT IS ORDERED that Judge Strong's Findings and Recommendations (Doc. 50) are ADOPTED to the extent described above. Judgment shall be entered accordingly.

DATED this 21st day of July, 2014.


Brian Morris
United States District Court Judge