# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-51-GF-BMM |
| Plaintiff, | **ORDER** |
| vs. | |
| CARTER ROY LONGTREE, | |
| Defendant. | |

This case was referred to United States Magistrate Judge John Johnston for a revocation hearing and findings and recommendations. Judge Johnston entered his Findings and Recommendations on September 15, 2015. Defendant admitted he had violated the Preamble to the Standard Conditions by committing a number of crimes, he had violated Special Condition 3 of his supervised release by consuming alcohol, and he had violated Special Condition 7 of his supervised release by failing to pay restitution as directed. Judge Johnston found the admissions sufficient to establish the alleged supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 9 months, with 15 months of supervised release to follow.

Defendant filed a timely objection. (Doc. 62). The Court reviews *de novo* findings and recommendations to which a defendant objects. 28 U.S.C. § 636(b)(1). Findings and recommendations to which no objection is made are reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.,* 656 F.2d 1309, 1319 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Johnston's Findings and Recommendations in full.

In 2010, Defendant pleaded guilty to arson. (Doc. 23). He was sentenced to 30 months in custody, followed by five years of supervised release. (Doc. 27). He began his term of supervised release in August 2012. In September 2013, his supervised release was revoked for using methamphetamine. (Doc. 41). He was sentenced to 3 months in custody, followed by 57 months of supervised release. *Id.* His term of supervised release began on November 13, 2013, with a six-month residential period at the Great Falls Transition Center (Transition Center). (Doc. 43). In July 2014, Defendant's supervised release was revoked because he walked away from the Transition Center. (Doc. 53). He was sentenced to six months custody, followed by 51 months of supervised release. *Id.* His current term of supervised release began on November 4, 2014. (Doc. 55).

On September 2, 2015, the United States Probation Office filed a petition requesting that Defendant's supervised release be revoked. The petition alleged that Defendant had committed a number of crimes, had consumed alcohol, and had failed to pay restitution as directed. (Doc. 55 at 2-3).

Defendant made an initial appearance before Judge Johnston on September 8, 2015. He waived his right to a preliminary hearing and requested that Judge Johnston conduct the revocation hearing. A hearing was conducted by Judge Johnston. Defendant admitted the alleged supervised release violations. Judge Johnston recommended a term of imprisonment of 9 months, with 15 months of supervised release to follow.

Defendant concedes that a custodial term of 9 months is appropriate. He objects, however, to the recommended term of supervised release of 15 months. (Doc. 62 at 2). He claims that further supervision will not "assist in his rehabilitation or lower his risk of recidivism." (Doc. 62 at 2). He requests a sentence of 9 months in custody with no supervised release to follow.

Defendant could be incarcerated for up to 36 months, followed by 51 months of supervised release less any custodial time imposed. The United States sentencing guidelines call for a term of imprisonment of 3 to 9 months. The

Court finds that a term of imprisonment of 9 months, followed by 15 months of supervised release is appropriate. A period of custody is warranted because this is the third time Defendant violated the terms of his supervised release. A 15 month period of supervision is appropriate because it will help Defendant find employment and develop life skills, and it will provide Defendant the support and structure needed to address his alcohol abuse problem. The recommended sentence is sufficient but not greater than necessary.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 61) are ADOPTED in full. Judgment shall be entered accordingly.

DATED this 30th day of September, 2015.

Brian Morris
United States District Court Judge