IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-51-GF–BMM |
| Plaintiff, | **AGREED FINAL ORDER IN GARNISHMENT** |
| vs. | |
| CARTER R. LONGTREE, | |
| Defendant, | |
| WEST ELECTRONICS, INC., | |
| Garnishee. | |

The parties, the United States of America, the judgment defendant, and the garnishee defendant, agree and stipulate as follows:

The judgment defendant's name, social security number are : Carter Longtree, \*\*\*-\*\*-1110. The defendant resides in Poplar, Montana.

1. A Judgment was entered against the judgment defendant in this action in the amount of $144, 800.00. The total balance due on the Judgment is $140,510.00, as of May 16, 2017.

2. The garnishee, whose address is 100 Industrial Park, Poplar, MT 59255, has in its possession, custody or control, property of the judgment defendant in the form of wages paid to the judgment defendant.

3. The judgment defendant waives services of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. $ 3205, and further waives his right to a hearing under section 3205 and any other process to which the judgment defendant may be entitled under the FDCPA.

4. The garnishee also waives service of an application for a writ of continuing garnishment pursuant to 28 U.S.C. $ 3205 and further waives its right to answer and waives being heard in this matter and any other process to which the garnishee defendant may be entitled under the FDCPA.

5. The judgment defendant agrees and stipulates that his wages are subject to garnishment under 28 U.S.C.§ 3205 and expressly agrees and stipulates that the entry of a final order in garnishment is proper.

6. The parties therefore agree and stipulate to the entry ofa final order in garnishment against the non exempt wages of the judgment defendant. It is

expressly agreed and stipulated to by the parties that the garnishee defendant shall pay to the United States the total sum of $40.00 every week, which shall be withheld from the wages owed the judgment defendant. It is further stipulated that upon request of the Office of the United States Attorney or U.S. Probation Office the judgment defendant shall provide a new financial statement, tax returns, or any other financial information. After review of the updated financial information, payments may change in accordance with current financial status.

7. These sums will be applied to the judgment rendered against Carter Longtree in this cause. These payments are to continue until the unpaid balance is fully paid and satisfied.

Checks should be made payable to: "Clerk of U.S. District Court", referencing CR l0-51-GF and mailed to:

> Clerk of U.S. District Court
> 125 Central Avenue West, Suite 110
> Great Falls, MT 59404

8. Nothing in this agreement prevents the plaintiff from pursuing administrative offsets of any funds owed to the defendant by any government agency, including the Internal Revenue Service, and the judgment defendant specifically consents to any such offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance but will not interrupt the periodic payments

withheld from wages described above unless it results in payment in full.

    9. The judgment defendant can at any time, request an accounting of the funds garnished. However, the judgment defendant hereby knowingly waives any rights that he may have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

    DATED this 19th day of June, 2017.

_____
Brian Morris
United States District Court Judge